**KREBS, STENGEL & CO., INC. by**
**HARRY DRIES, ATTORNEY IN FACT**, Plaintiff
v.
**GRACE I. SPARKS, d/b/a THE**
**RELIABLE FURNITURE STORE**, Defendant

Civil No. 710-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 10, 1971

HOFFMAN, *Judge*

### ORDER

This matter came on to be heard on November 17, 1971 at which time the Court informed the parties that the Court was reserving decision with respect to:

1) plaintiff's Motion for Default, which was based on defendant's failure to Answer, and

2) defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, which was based upon the defendant's contention that plaintiff was not the real party in interest.

At that time the Court informed the defendant that he had until December 1, 1971 to move in opposition to the Motion for Default and to file his Answer. The plaintiff was given until December 6, 1971 to submit in reply and was notified

that he would have to file Security for Costs before the matter was set for trial.

In response to this instruction the defendant has filed on November 30, 1971 a Motion to Open Default. He has neglected to Answer, however, in apparent reliance on 12 (b), Fed. R. Civ. P., which provides that a motion which raises the defense of failure of service shall be made before pleading. In any case the Court is persuaded to deny a default in this matter. The affidavits presented by defendant allege that service was not properly executed.

Included in defendant's Motion to Open Default is a reiteration of his previous Motion to Dismiss for failure to state a claim upon which relief can be granted. This time in addition to the grounds previously alleged, that is, that plaintiff is not the real party in interest, defendant argues that there is a lack of jurisdiction over the person of the defendant. The Court, however, need not consider this latter request as the defendant has waived it by his failure to include it in the earlier motion. 12 (g), Fed. R. Civ. P. Thus the defendant's Motion to Dismiss must stand or fall on the merits of his contention that the plaintiff is not the real party in interest.

Attorney Harry Dries has proceeded in this action as Attorney in Fact under a Power of Attorney from Krebs, Stengel & Co., Inc., a New York corporation. The Courts, however, under Rule 17 (a), Fed. R. Civ. P., have uniformly denied the right of an attorney in fact to sue as a real party in interest. 3A Moore's Federal Practice, Paragraph 17.10. This Court must agree.

It is therefore

ORDERED that plaintiff's Motion for Default be and is denied.

FURTHER ORDERED that defendant's Motion to Dismiss for failure to state a claim upon which relief can be

granted be and is granted and the Case is thereby Dismissed, without costs or attorneys fees for either party.